FILED

2016 DEC 27  PM 3: 32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2016 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 16- EDI6-CR-165 |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 2(a): Aiding and Abetting] |
| MARIO MOYA JR., OMAR FLORES, and JEZRAHEL MERCADO PEREZ, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.    OBJECTS OF THE CONSPIRACY

Beginning on a date unknown, and continuing until on or about December 14, 2016, in Riverside County, within the Central District of California, and elsewhere, defendants MARIO MOYA JR. ("MOYA"), OMAR FLORES ("FLORES"), and JEZRAHEL MERCADO PEREZ ("PEREZ"), and others known and unknown to the Grand Jury, conspired and agreed with

1  each other to knowingly and intentionally distribute, and possess
2  with intent to distribute, at least 500 grams of a mixture and
3  substance containing a detectable amount of methamphetamine, a
4  Schedule II controlled substance, in violation of Title 21, United
5  States Code, Sections 841(a)(1) and (b)(1)(A)(viii).
6  B.    THE MANNER AND MEANS OF THE CONSPIRACY
7         The objects of the conspiracy were to be accomplished, in
8  substance, as follows:
9         1.    Defendant MOYA, and other co-conspirators known and unknown
10 to the Grand Jury, would obtain methamphetamine.
11        2.    Defendant MOYA would arrange methamphetamine sales with
12 potential customers.
13        3.    Defendant MOYA, and other co-conspirators known and unknown
14 to the Grand Jury, would supply defendants FLORES and PEREZ with
15 methamphetamine for delivery to customers.
16        4.    Defendants FLORES and PEREZ would deliver methamphetamine
17 to customers, in exchange for payment.
18        5.    Defendant MOYA would act as a lookout while defendants
19 FLORES and PEREZ delivered methamphetamine to customers.
20 C.    OVERT ACTS
21        In furtherance of the conspiracy and to accomplish its objects,
22 on or about the following dates, defendants MOYA, FLORES, and PEREZ,
23 and other co-conspirators known and unknown to the Grand Jury,
24 committed various overt acts in Riverside County, within the Central
25 district of California, and elsewhere, including but not limited to
26 the following:
27        Overt Act No. 1:    On or about December 14, 2016, using coded
28 language in text message and telephone communications, defendant MOYA

2

1  arranged with an individual he believed to be a methamphetamine
2  customer but who was, in fact, a cooperating source ("CS") working
3  with the United States Postal Inspection Service ("USPIS") to sell
4  two pounds of methamphetamine to the CS for $2,000 per pound.

5      Overt Act No. 2:    On or about December 14, 2016, in Indio,
6  California, defendants MOYA, FLORES, and PEREZ met at the parking lot
7  of a 76 gas station, where defendant MOYA provided defendants FLORES
8  and PEREZ with a red bag containing approximately 885.2 grams of a
9  mixture and substance containing a detectable amount of
10 methamphetamine.

11     Overt Act No. 3:    On or about December 14, 2016, in the
12 parking lot of a Shell gas station in Cabazon, California, defendants
13 FLORES and PEREZ met with the CS in order to sell the CS the
14 methamphetamine provided by defendant MOYA, while defendant MOYA
15 acted as a lookout by driving around the area near the Shell gas
16 station to check for witnesses and law enforcement.

17     Overt Act No. 4:    On or about December 14, 2016, in the
18 parking lot of the Shell station in Cabazon, California, defendant
19 FLORES removed from the engine compartment of a Jeep Cherokee a red
20 bag that contained approximately 885.2 grams of a mixture and
21 substance containing a detectable amount of methamphetamine in order
22 to provide the methamphetamine to the CS.

23     Overt Act No. 5:    On or about December 14, 2016, upon seeing
24 that defendants FLORES and PEREZ had been detained by law
25 enforcement, defendant MOYA drove away at speeds exceeding 100 miles
26 per hour in an effort to avoid being apprehended by law enforcement.

27

28

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

On or about December 14, 2016, in Riverside County, within the Central District of California, defendants MARIO MOYA JR., OMAR FLORES, and JEZRAHEL MERCADO PEREZ, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 885.2 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about December 14, 2016, in Riverside County, within the Central District of California, defendant MARIO MOYA JR. ("MOYA") knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1.    a Smith & model M&P 9mm semi-automatic pistol, bearing serial number HRE11371;

2.    5 rounds of Federal Cartridge Company 9mm ammunition; and

3.    2 rounds of Winchester 9mm ammunition.

Such possession occurred after defendant MOYA had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Hit-and-Run, in violation of California Vehicle Code Section 20001(b)(1), in the Superior Court for the State of California, County of Riverside, case number F036445, on or about January 24, 2001;

2.    Importation, Sale, or Distribution of a Controlled Substance, in violation of California Health & Safety Code Section 11379(a), in the Superior Court for the State of California, County of Riverside, case number F061485, on or about April 10, 2008;

3.    Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), in the Superior Court for the State of California, County of Riverside, case number F061378, on or about April 10, 2008;

4.    Vandalism, in violation of California Penal Code Section 594(b)(1), in the Superior Court for the State of California,

1  County of Riverside, case number F061998, on or about October 30,

2  2009;

3      5.    Criminal Threats, in violation of California Penal Code

4  Section 422, in the Superior Court for the State of California,

5  County of Riverside, case number F061559, on or about October 30,

6  2009;

7      6.    Burglary, in violation of California Penal Code

8  Section 459, in the Superior Court for the State of California,

9  County of Riverside, case number F067420, on or about August 6, 2010;

10  and

11  ///

12  ///

13  ///

1       7.    Burglary, in violation of California Penal Code

2  Section 459, in the Superior Court for the State of California,

3  County of Riverside, case number F10001039, on or about August 6,

4  2010.

5

6                                      A TRUE BILL

7

8                               ___/S/_____

9                               Foreperson

10  EILEEN M. DECKER
    United States Attorney
11
    LAWRENCE S. MIDDLETON
12  Assistant United States Attorney
    Chief, Criminal Division
13

14

    SCOTT M. GARRINGER
15  Assistant United States Attorney
    Deputy Chief, Criminal Division
16
    ROBYN K. BACON
17  Assistant United States Attorney
    Deputy Chief, General Crimes
18  Section

19  SAURISH APPLEBY-BHATTACHARJEE
    Assistant United States Attorney
20  General Crimes Section

21

22

23

24

25

26

27

28