SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorney
General Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7407
    Facsimile: (213) 894-0141
    E-mail:    william.rollins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 16-00165-JGB-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT OMAR FLORES |
| v. | Hearing Date: October 23, 2017 |
| MARIO MOYA JR., OMAR FLORES, and JEZRAHEL MERCADO PEREZ, | Hearing Time: 2:00 p.m.<br>Location:     Courtroom of the<br>              Hon. Jesus G. Bernal |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney William M. Rollins, hereby files its sentencing position with respect to defendant OMAR FLORES.

//

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 19, 2017            Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

 */s/ William M. Rollins*
WILLIAM M. ROLLINS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 31, 2017 defendant OMAR FLORES ("defendant") pled guilty to a superseding information in United States v. Moya, et al., CR 16-165-JGB, charging him with possession with intent to distribute at methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Pursuant to a written plea agreement, the government has agreed to dismiss the underlying indictment, which charged defendant with conspiracy to distribute methamphetamine in violation of 21 U.S.C. 846 and possession with intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

On September 15, 2017, the United States Probation Office ("USPO") disclosed its Presentence Investigation Report ("PSR") and a Sentencing Recommendation letter. The USPO calculated a total offense level of 31 and a criminal history category of I, resulting in a Sentencing Guidelines range of 121 to 151 months' imprisonment. In its recommendation letter, the USPO recommended a downward variance of 37 months and a total term of imprisonment of 87 months.

The government concurs with the USPO's calculation of defendant's offense level, criminal history category, and Sentencing Guidelines range. Taking into account the sentencing factors enumerated in 18 U.S.C. § 3553(a), the government recommends a term of imprisonment of 70 months' imprisonment. The government also recommends a mandatory, three-year term of supervised release and payment of a $100 special assessment.

**II.   FACTUAL BACKGROUND**

On December 14, 2016, co-defendant Mario Moya, Jr. ("MOYA") agreed to sell two pounds of methamphetamine to a cooperating source ("CS").  MOYA met with defendant and co-defendant Jezrahel Mercado Perez ("PEREZ") in a gas station parking lot, where MOYA placed a red bag containing about two pounds of methamphetamine into the engine compartment of the car in which MOYA and FLORES were driving.  Then, all three defendants drove towards another gas station, where MOYA had arranged the drug sale with the CS.  (See PSR ¶¶ 10-16.)

At the gas station, FLORES and PEREZ attempted to deliver the drugs to the CS, while MOYA drove about the area, acting as a lookout.  After he saw law enforcement agents detain FLORES and PEREZ in the gas station parking lot, MOYA fled the scene in his car at a high rate of speed and ultimately evaded arrest; he was later captured in Calexico, California.  Meanwhile, in post-arrest, Mirandized interviews, FLORES and PEREZ admitted that they had agreed to deliver the methamphetamine for MOYA in exchange for payment in cash and/or drugs.  (See PSR ¶¶ 10-16.)  DEA laboratory reports show that the methamphetamine consisted of 885.2 grams of methamphetamine with a purity level of at least 95%.  (PSR ¶ 16.)

**III.  THE PRESENTENCE INVESTIGATION REPORT**

Based on the above facts, and pursuant to U.S.S.G. § 2D1.1(a)(5), the USPO determined defendant's base offense level to be 34, and applied a three-level reduction for acceptance of responsibility.  (PSR ¶¶ 24-34.)  The USPO also determined that defendant had two criminal history points based on a misdemeanor conviction for unauthorized use of another's identification in violation of California Penal Code § 530.5.  (PSR ¶¶ 32-39.)  Because

2

defendant's total offense level is 31 and defendant's criminal history category is two, the USPO determined that the applicable Guidelines range is 121 to 151 months' imprisonment, a mandatory three-year term of supervised release, and a mandatory special assessment of $100.  (PSR ¶¶ 72-82.)  The USPO recommended a downward variance of 37 months and a total term of imprisonment of 84 months.  (See USPO Rec. Ltr.; PSR ¶ 88.)

**IV.  A SENTENCE OF 63 MONTHS IS APPROPRIATE UNDER THE § 3553(A) FACTORS**

The government respectfully requests that the Court adopt the PSR's factual findings and Guidelines calculations.  Additionally, the government agrees that a downward variance is warranted, and respectfully requests that the Court sentence defendant to 70 months' imprisonment, followed by three years of supervised release, and payment of a $100 special assessment.  The government agrees with the PSR's determination of the offense level and the applicable Guidelines range.

In terms of the nature and circumstances of the offense, see 18 U.S.C. § 3553(a)(1), defendant engaged in a transaction to transport and distribute 885.2 grams of methamphetamine at a level of 95% purity – a substantial quantity of drugs.  (PSR ¶ 12.)  Defendant knew that co-defendant MOYA was supposed to receive $4,200 from the CS in exchange for the methamphetamine, and defendant personally approached the CS and asked the CS for the money.  (PSR ¶¶ 12-13.)  Moreover, defendant expected to be compensated in a combination of methamphetamine and cash for his own role in the transaction.  (PSR ¶ 19.)

3

1    However, the government agrees that there are mitigating factors
2 in this case.  Defendant only has one prior misdemeanor conviction
3 and, according to the PSR, no other reported arrests until 2016
4 (although he appears to have illegally entered the United States in
5 2004).  (PSR ¶¶ 38-43.)  Defendant's methamphetamine abuse began in
6 2014 and likely contributed to the instant offense, particularly
7 given that he expected to be compensated with narcotics.  (PSR ¶ 88.)
8 Overall, defendant appears to have maintained steady employment while
9 in the United States, including as an electrician.  (PSR ¶¶ 63-66.)
10     Section 3553(a)(2) requires the Court to consider the need for
11 the sentence to reflect the seriousness of the offense, to promote
12 respect for the law, to provide just punishment for the offense, to
13 afford adequate deterrence to criminal conduct, to protect the public
14 from further crimes of defendant, and to provide defendant with
15 needed educational or vocational training, medical care, or other
16 correctional treatment in the most effective manner.  These
17 considerations also weigh in favor a sentence of 70 months.
18 Defendant committed a serious drug trafficking offense involving a
19 substantial quantity of narcotics.  Nevertheless, defendant has a
20 minimal criminal history and the instant offense appears to have been
21 driven largely by his addiction to methamphetamines.  While drug
22 abuse is ordinarily not a reason for a downward departure, U.S.S.G.
23 § 5H1.4, the government agrees that defendant's willingness to be
24 compensated in methamphetamine should be taken into account at
25 sentencing and merits a variance under the unique circumstances of
26 this case.  Overall, a 70-month sentence would provide both specific
27 and general deterrence while protecting the public, and it would take
28 into account the mitigating aspects of defendant's background.

4

Section 3553(a)(6) requires the Court to minimize sentencing disparity among similarly-situated defendants. Using the Sentencing Guidelines and the 3553(a) factors to sentence defendant in light of his unique background and role in the offense – both of which weigh in favor of a below-Guidelines sentence in this case - accomplishes this goal.

**V. CONCLUSION**

In sum, a term of imprisonment of 70 months would be "sufficient, but not greater than necessary, to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2)." 18 U.S.C. § 3553(a). A mandatory special assessment of $100 and a three-year period of supervised release, with the conditions of supervised release recommended by the Probation Officer, is warranted under 18 U.S.C. §§ 3583(c) and (d).

Dated: October 19, 2017           Respectfully submitted,

                                  SANDRA R. BROWN
                                  Acting United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                   */s/ William M. Rollins*
                                  WILLIAM M. ROLLINS
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA